UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| STEPHEN DEANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:16-cv-734-RLM |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Stephen Deane, a prisoner without a lawyer, filed a habeas corpus petition challenging ISP 16-08-96 where the Disciplinary Hearing Officer (DHO) found him guilty of the A-100 offense of Violation of Law on August 16, 2016. The Conduct Report charged Deane with battery in violation of Indiana law IC 35-42-2-1. He was sanctioned with the loss of 90 days earned credit time and was demoted from Credit Class 1 to Credit Class 2. Mr. Deane lists three grounds in support of his petition.

In Ground One, Mr. Deane argues that he couldn't be found guilty of, and sanctioned for, violating State law without a jury trial and a judgment entered by a trial court. Mr. Deane mistakes his prison discipline for a criminal conviction. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The IDOC disciplined Mr. Deane for violating its rule requiring inmates to follow state law. See Montgomery v. Anderson, 262 F.3d 641, 646 (7th Cir. 2001) (affirming

dismissal of prisoner's habeas claim that prison discipline requires criminal due process protections where prisoner was disciplined for violating State law). The IDOC is authorized to discipline offenders in its custody, and this includes the imposition of restitution. *See* Ind. Code 11-11-5 *et seq.* The IDOC defines offense A-100 as follows: "[v]iolation of any federal, state or local criminal law (Must specify by name and criminal code number)." Disciplinary Code for Adult Offenders, Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf. While Mr. Deane is correct that he was not charged or convicted with violating Indiana law, neither is a predicate for the disciplinary offense. Thus, Ground One doesn't provide a basis for habeas corpus relief.

In Ground Two, Mr. Deane raises a number of distinct clams regarding his screening, his guilty plea, and his claim that he was entitled to a multi-member disciplinary board, rather than a single hearing officer. The respondent contends that Mr. Deane is procedurally defaulted on the claims in Ground Two because he didn't exhaust his administrative remedies with respect to these claims.

> Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies. These are, we held in Markham v. Clark, 978 F.2d 993 (7th Cir. 1992), the sort of "available State corrective process" (§ 2254(b)(1)(B)(I)) that a prisoner must use. Indiana offers two levels of administrative review: a prisoner aggrieved by the decision of a disciplinary panel may appeal first to the warden and then to a statewide body called the Final Reviewing Authority. Moffat sought review by both bodies, but his argument was limited to the contention that the evidence did not support the board's decision. He did not complain to either the warden or the Final Reviewing Authority about the board's sketchy explanation for its decision. O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), holds that to exhaust a claim, and thus preserve it for collateral review under § 2254, a prisoner

> must present that legal theory to the state's supreme court. The Final Reviewing Authority is the administrative equivalent to the state's highest court, so the holding of Boerckel implies that when administrative remedies must be exhausted, a legal contention must be presented to each administrative level.

Moffat v. Broyles, 288 F.3d 978, 981-982 (7th Cir. 2002). Procedural default can be excused and the court can consider a claim that wasn't properly raised if a petitioner can demonstrate cause and prejudice. Weddington v. Zatecky, 721 F.3d 456, 465 (7th Cir. 2013). Mr. Deane argues that he did present these claims during his administrative appeal, and asserts his presentation of the claims were merely "inartfully expressed." Review of Mr. Deane's administrative appeals demonstrates that he is mistaken. In his appeals, Mr. Deane took issue with the sufficiency of the evidence, the absence of a jury trial and court order, and the severity of the restitution imposed. He didn't raise any other argument. Thus, Mr. Deane's claims in Ground Two are procedurally defaulted and he cannot proceed them.

In Ground Three, Mr. Deane takes issue with the conditions of his confinement before his hearing. The conditions of his confinement aren't relevant for purposes of Mr. Deane's habeas corpus petition. The scope of Mr. Deane's present claims are limited to the question of whether he was afforded adequate due process during his disciplinary hearing. *See* Wolff v. McDonnell, 418 U.S. 539 (1974). Ground Three doesn't pertain to any of his procedural rights under Wolff, and so doesn't identify a basis for habeas corpus relief.

If Mr. Deane wants to appeal this decision, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See*

3

<u>Evans v. Circuit Court</u>, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, the court DENIES the habeas corpus petition (ECF 1). The Clerk DIRECTED to close this case. Petitioner is DENIED leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: July 31, 2017

    /s/ Robert L. Miller, Jr.
Judge
United States District Court